UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TASHIEKA HARRIS,

                Plaintiff,

v.

ANDREW M. SAUL, COMMISSIONER
OF SOCIAL SECURITY,

                Defendant.

**DECISION AND ORDER**
18-CV-352-RJA

---

Plaintiff Tashieka Harris ("Plaintiff") brought this action pursuant to the Social Security Act for review of a final decision of the Acting Commissioner of Social Security (the "Commissioner")[1] that denied her application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. (Dkt. No. 1). The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

The parties each moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Upon consideration of the record, and for the reasons set forth below, Plaintiff's motion (Dkt. No. 14) is granted, the Commissioner's motion (Dkt. No. 16) is denied, and the case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## PRIOR PROCEEDINGS

Plaintiff, currently 45 years old, filed for Social Security disability benefits on July 26, 2010, alleging that she had been disabled since June 11, 2008. (See Tr. 21; Tr.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the current Commissioner of Social Security is automatically substituted for Nancy A. Berryhill, the Acting Commissioner when the action was filed.

171-77, 178-81). Plaintiff's claims were initially denied by the State agency (*see* Tr. 126-27), and plaintiff therefore sought a hearing before an Administrative Law Judge ("ALJ"). (Tr. 128, 143-44).

On December 7, 2011, Plaintiff and her counsel appeared before an ALJ (Tr. 67-112), and on January 3, 2012, the ALJ found her not disabled. (Tr. 51-66). After the Appeals Council denied review of her applications on July 3, 2013 (Tr. 1-5, 526-530), Plaintiff brought her first action judicial review before the U.S. District Court. (W.D.N.Y. docket number 13-CV-883). United States District Judge Michael J. Telesca found that the ALJ had failed to intelligibly articulate reasons for the weight the ALJ had given opinions of various treating physicians, and that the ALJ failed to account, in a residual functional capacity determination, for a specific limitation identified by a treating physician. He remanded the case for further administrative proceedings. (Tr. 513-25).

Upon remand from the District Court, the Appeals Council remanded the matter to a new ALJ on March 15, 2016. (Tr. 509-10). The Appeals Council in that same order affirmed a subsequent favorable decision by a new ALJ finding that Plaintiff was disabled as of January 4, 2012 because she met listings 1.02(A) and 1.03 in Appendix 1 of the Regulations, 20 C.F.R. Pt. 404, Subpt. B, App. 1. (*See id.*, *and* Tr. 432; 692-97). In light of this finding, the ALJ's decision addressed alleged disability only from the earlier period of June 11, 2008 to January 3, 2012 (Tr. 432, 507).

On November 6, 2017, Plaintiff appeared with counsel and testified at her second administrative hearing before the ALJ. (Tr. 449-89). On January 4, 2018, the ALJ found Plaintiff was not disabled during the closed period of disability of June 11, 2008 to January 3, 2012, and the decision was considered final. (Tr. 429-448). Plaintiff then

2

commenced this second action for judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Dkt. No. 1).

## BACKGROUND

The Court reviews the record to determine only whether the Commissioner applied the correct legal standards and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). The Court assumes the parties' familiarity with the prior proceedings and the issues before the Court in this ruling on their cross-motions for judgment on the pleadings.

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity during the relevant period. (Tr. 435).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of status post right ankle fracture, obesity, and diabetes mellitus. (Tr. 435). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listing. *Id.* The ALJ gave particular attention to the criteria of listing 1.02(A), which pertains to major dysfunction of major peripheral weight-bearing joints, and listing 1.03, pertaining to reconstructive surgery or surgical arthrodesis of a major weight-bearing joint. *Id.*

At step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except the

Plaintiff "could stand and/or walk for no more than fifteen minutes at one time and required the ability to elevate her legs." (Tr. 435-40).

At step five, the ALJ relied on the testimony of a vocational expert to conclude that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform her former job of resident supervisor and in addition, concluded there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of table worker, and semiconductor bonder. (Tr. 440-41). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. *Id.*

## DISCUSSION

Plaintiff contends that the ALJ prejudicially erred in discounting the opinion of a treating primary-care physician, Dr. Antonia Redhead, when the ALJ found that the opinion was not adequately supported by medical records in the administrative record. (Dkt. No. 14). Plaintiff also specifically argues that the ALJ erred at step three of the required sequential analysis and disregarded substantial evidence in the form of Dr. Redhead's opinion that plaintiff's musculoskeletal impairments established that plaintiff met listings 1.02(A) and 1.03 in Appendix 1 of the Regulations, 20 C.F.R. Pt. 404, Subpt. B, App. 1, that entitled to her to a finding of disability.

Of course, "[i]f a claimant's condition meets or equals the 'listed' impairments, he or she is conclusively presumed to be disabled and entitled to benefits." *Dixon v. Shalala*, 54 F.3d 1019, 1022 (2d Cir. 1995) (quoting *Dixon v. Heckler*, 785 F.2d 1102, 1103 (2d Cir. 1986)); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the Court

4

were to agree with Plaintiff that she met a listing, the Court would remand for a calculation of benefits. *See Muntz v. Astrue*, 540 F. Supp. 2d 411, 421 (W.D.N.Y. 2008) (remanded for calculation of benefits where further administrative proceedings would serve no purpose).

The Court agrees with Plaintiff that the ALJ erred when he failed to provide a "specific rationale" to support the conclusion that her impairments did not meet the listings. *Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982)); *see* (Tr. 435, ¶ 4). However, Plaintiff had the burden of proof at this step of the sequential inquiry, *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012), and if justification for the ALJ's finding that Plaintiff did not meet either of the two listings at issue can be "reasonably inferred" based on substantial evidence contained elsewhere in the ALJ's decision, the ALJ's error is a harmless error. *Berry*, 675 F.2d at 468-69.

"[F]or a claimant to show that [an] impairment matches a listing, it must meet all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Both listings that Plaintiff relies upon, 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 1.02(A) and1.03, require Plaintiff to establish "an inability to ambulate effectively," which is defined as:

> . . . an extreme limitation of the ability to walk; *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning [] to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities . . . examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the

5

> inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail.

*Id.* § 1.00(B)(2)(b) (ellipses added). Here, a long-term treating physician, Dr. Bernhard J. Rohrbacher, III, the orthopedic surgeon who had performed surgery on Plaintiff's injured right ankle on August 8, 2008, provided his opinion on November 3, 2011, that Plaintiff was "able to walk a block at a reasonable pace on rough or uneven surface." (Tr. 419, ¶ 10). And although Dr. Rohrbacher indicated that Plaintiff suffered from "moderate" pain (he reported that Plaintiff rated her pain "5 out of 10") and used a cane to ambulate, Dr. Rohrbacher's opinion tended to establish that Plaintiff could not meet all of the specified medical criteria in the listings Plaintiff relied upon in her argument. *Id.* at ¶ 11 and Comments.

Dr. Rohrbacher's opinion is inconsistent with the opinion of primary-care physician Dr. Redhead that Plaintiff could walk less than a city block without rest or severe pain. (Tr. 422, ¶ 15.a.). Dr. Redhead's opinion, although not that of a specialist, and although based upon a shorter and far less well-documented treating relationship than Dr. Rohrbacher's, tended to show that Plaintiff *did* meet the inability-to-ambulate condition of the listings. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 100(B)(2)(a) (for musculoskeletal impairments physical pain may be the basis of a loss of function such as an inability to ambulate effectively).

Meeting the listing would likely render Plaintiff disabled under the Act[2], but Dr. Redhead's opinion was explicitly limited to the time period no earlier than November 22, 2011 (Tr. 424, ¶ 17), and so the opinion would only support a disability finding for the less than two-month period between November 22, 2011, and January 3, 2012. As the ALJ noted, the record is devoid of any other medical documentation from Dr. Redhead (Tr. 440), though Dr. Redhead indicated that she began treating Plaintiff on August 30, 2010 — well over a year prior to her only opinion in the record. (Tr. 420, ¶ 1).

Nevertheless, if evidence of Dr. Redhead's treatment of Plaintiff exists from the time when Dr. Redhead first seems to have begun treating Plaintiff on August 30, 2010, through her opinion dated November 22, 2011, Dr. Redhead may have been a treating physician under the regulations that were in place at the time of Plaintiff's application for benefits. *See* 20 C.F.R. § 404.1527 (Evaluating opinion evidence for claims filed before March 27, 2017). The record does not establish that the ALJ attempted to obtain any additional evidence from Dr. Redhead's office, even though her opinion clearly indicates she had been Plaintiff's primary care doctor for well over a year at that point; and if that is true (*but see* Tr. 246, 639), the failure to contact Dr. Redhead's office for any additional documentation was error.

The ALJ had an affirmative duty to develop the record and seek additional information from the treating physician. *Worden v. Comm'r of Soc. Sec.*, No.18-CV-923, 2019 WL 5485152, at *2 (W.D.N.Y. Oct. 25, 2019) (citing *Gold v. Secretary*, 463 F.2d

---

[2] In a ruling by the same ALJ, Plaintiff was awarded benefits for a period of disability after the period at issue here, beginning on January 4, 2012, because Plaintiff then met both listings that plaintiff relies upon here by meeting the essential criteria of the listings, including demonstrating an inability to ambulate effectively. (Tr. 692-97).

38, 43 (2d Cir. 1972)); *see Colegrove v. Comm'r of Soc. Sec.*, 399 F. Supp. 2d 185, 196 (W.D.N.Y. 2005) (citing cases); *see also Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y.1997) ("[T]he Commissioner, before making a determination of disability, is responsible for developing a complete medical history of the claimant and for making every reasonable effort to obtain medical evidence from claimant's treating physicians."). This duty exists independent of whether the claimant has counsel. *Colegrove*, 399 F. Supp. 2d at 196.

The error is not harmless error because if documentation exists from Dr. Redhead that evidences an ongoing treatment relationship, and where the physician most recently opined that Plaintiff might not be able to ambulate as defined in the relevant listing, it creates two competing treating physician opinions—one opining that Plaintiff had limitations that tend to prove she meets the listings and one opining that she would not—and it was incumbent on the ALJ to either fill the gap in the record with evidence of Dr. Redhead's treating relationship and reconcile the differences of opinion, or indicate on the record that the Social Security Administration attempted to obtain such documentation and found that none exists.

Disposition of Plaintiff's additional arguments why she contends the ALJ's decision was not supported by substantial evidence are contingent on whether Dr. Redhead was a treating physician, and if so, the weight to be given her opinion in light of the so-called *Burgess* factors and the other evidence in the record. *See Estrella v. Berryhill*, 925 F.3d 90, 95-96 (2d Cir. 2019) (discussing *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008). "[B]ecause the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is

necessary, the Court declines to reach [her additional arguments]. *Will o/b/o C.M.K. v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 419 (W.D.N.Y. 2019) (citing *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016)) ("declining to reach arguments 'devoted to the question whether substantial evidence supports various determinations made by [the] ALJ' where the court had already determined remand was warranted").

## CONCLUSION

Based on the foregoing, Plaintiff Tashieka Harris' motion pursuant to Fed. R. Civ. P. for judgment on the pleadings (Dkt. No. 14) is granted and the case is remanded. The Commissioner's cross-motion for judgment on the pleadings (Dkt. No. 16) is denied. The Clerk of the Court is directed to close this matter.

**IT IS SO ORDERED.**

                              *s/Richard J. Arcara*
                              HONORABLE RICHARD J. ARCARA
                              UNITED STATES DISTRICT COURT

Dated: November 5, 2019